UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KIRWIN STIEF,

        Plaintiff,                                    Case No. 16-11923

v.                                                  Paul D. Borman
                                                      United States District Judge

COMMISSIONER OF SOCIAL
SECURITY,                                       Patricia T. Morris
                                                      United States Magistrate Judge

        Defendant.
_____/

**<u>OPINION AND ORDER:
(1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 25);
(2) ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE (ECF NO. 24);
(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(ECF NO. 17);
(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (ECF NO. 22); AND
(5) AFFIRMING THE DECISION OF THE COMMISSIONER OF
SOCIAL SECURITY</u>**

On May 23, 2017, Magistrate Judge Patricia T. Morris issued a Report and Recommendation on the parties' cross-motions for summary judgment. (ECF No. 24, Report and Recommendation.) In the Report and Recommendation, the Magistrate Judge recommended that this Court deny Plaintiff Charles Kirwin Stief's Motion for Summary Judgment (ECF No. 17, Pl.'s Mot.), grant Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 22, Def.'s Mot.), and affirm the decision of the Commissioner of Social Security to

deny Plaintiff's claim for a period of disability and Disability Insurance Benefits under the Social Security Act, 42 U.S.C. § 401 *et seq.* (ECF Nos. 13-2-13-9, Transcript of Social Security Proceedings (hereinafter "**Tr. at \_\_\_**") at 24-34.).

Now before the Court are Plaintiff's Objections to the Report and Recommendation. (ECF No. 25, Pl.'s Objs.) Defendant filed a timely Response. (ECF No. 26, Def.'s Resp.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will overrule Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The Magistrate Judge comprehensively set forth the procedural and factual background of this matter in her Report and Recommendation. The Court adopts that account here. (Report and Recommendation at 3-13, Pg ID 982-992.)

## II. STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or

in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Likewise, an objection that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the Administrative Law Judge ("**ALJ**"), the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604

(6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the Social Security Administration ("**SSA**") that is supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. It is "for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility

4

determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

### III. ANALYSIS

Plaintiff raises nine Objections to the Report and Recommendation. Seven of the nine Objections are substantially devoid of any argument that was not already presented in Plaintiff's Motion for Summary Judgment; Plaintiff's second and ninth objections do attempt to identify a specific legal error on the part of the Magistrate Judge, but each lacks merits for the reasons discussed below. Accordingly, the Court will overrule all nine of Plaintiff's Objections and adopt the Magistrate Judge's Report and Recommendation.

#### A. Objection 1: Weight Given to Medical Opinions

First, Plaintiff objects to the Magistrate Judge's finding that ALJ Patricia S. McKay correctly evaluated certain medical opinions in the record, taking particular issue with her determination that "the ALJ properly applied the relevant factors in evaluating the opinions of Dr. Madej, Dr. Hoffman, Dr. Vollmer, and Dr. Terlep under 20 CFR 404.1527[(c)]." (Pl.'s Objs. at 2, Pg ID 1009.)

As summarized by the Magistrate Judge, the factors that 20 C.F.R. § 404.1527(c) provides for assigning probative value to medical opinions include

"whether the source examined the claimant, 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source.'" (Report and Recommendation at 14-15, Pg ID 993-94 (quoting *Wilson*, 378 F.3d at 544).) Opinions of treating medical professionals that concern "the nature and severity of [the claimant's] impairment(s)[,]" if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence" in the case record, are to be given "controlling weight." 20 C.F.R. § 404.1527(c)(2).

The Magistrate Judge determined that psychologist Dr. Barbara Hofmann did not qualify as a treating source,[1] thus requiring the ALJ only to "generally . . . explain the weight given" to her opinions or to "otherwise ensure that the discussion of the evidence . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." (Report and Recommendation at 19-20, Pg ID 998-99 (quoting SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006)).) That some of Dr. Hofmann's opinions were conclusory and that others were contradicted by

---

[1] Plaintiff makes a separate Objection to this finding, which is discussed below.

record evidence led the Magistrate Judge to find no error in the ALJ's giving little weight to those opinions. Psychologist Dr. Gerald Terlep and physician Dr. John Vollmer were treating sources, but their opinions were given little weight by the ALJ (tr. at 31), and the Magistrate Judge concluded that the ALJ gave good reasons for this: Plaintiff's participation in producing Dr. Vollmer's opinions, substantial evidence inconsistent with Dr. Terlep's opinions, and the conclusory nature of both doctors' opinions. The ALJ afforded "some weight" to the opinions of psychologist Dr. Patricia Madej, finding that even though they were based on a one-time consultative examination, they were consistent with objective information in the record. (Tr. at 30.) Dr. Madej's opinions partially supported the ALJ's determination that Plaintiff is not disabled under the Social Security Act. (*Id.*)

Plaintiff identifies no specific error in the reasoning by which the Magistrate Judge concluded that the ALJ properly applied the § 404.1527(c)(2) factors to the medical opinion evidence in the record, and as a result, his first Objection presents no argument beyond that which was already asserted in Plaintiff's Motion for Summary Judgment. Seeing no reason to set aside the Magistrate Judge's findings, the Court will overrule Plaintiff's first Objection.

**B.      Objection 2: Dr. Hofmann's Opinions as Treating Source Opinions**

As noted above, one component of the Magistrate Judge's analysis of the

7

weight placed by the ALJ on Dr. Hofmann's opinions was the Magistrate Judge's finding that Dr. Hofmann was not a "treating source," as would require the ALJ to give her opinions "controlling weight." 20 C.F.R. § 404.1527(c)(2). Plaintiff objects, pointing out that the ALJ did not expressly indicate in her decision whether Dr. Hofmann was a treating source, and that the Magistrate Judge erroneously stated that Dr. Hofmann examined Plaintiff twice over the course of two years, when in fact she did so three times over the course of three years.

The governing regulations provide that "[t]reating source means [a claimant's] own acceptable medical source who provides . . . or has provided [the claimant] with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship" with him or her. 20 C.F.R. § 404.1527(c)(2). An "ongoing treatment relationship" is generally found where "medical evidence establishes" that the claimant has seen the source "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)." *Id.* A treating source can be a practitioner who has "treated or evaluated [the claimant] only a few times or only after long intervals (e.g., twice a year) . . . if the nature and frequency of the treatment or evaluation is typical for [the claimant's] condition(s)." *Id.* Further, the use of the phrase "treatment and/or evaluation" in the regulation suggests that a treating

8

source's role can be diagnostic only, so long as its "nature and frequency . . . is typical for [the claimant's] condition(s)." *Id.*; *see also Dickey-Williams v. Comm'r of Soc. Sec.*, 975 F. Supp. 2d 792, 802 (E.D. Mich. 2013) (classifying as a treating source a clinical neurologist who examined the claimant eight times over the course of 26 months, and after each examination "prepared a multi-page letter explaining the results of his examination and his medical opinions"). Even so, in the Sixth Circuit, "as a matter of law, more than one examination is required to attain treating-physician status. Indeed, 'depending on the circumstances and nature of the alleged condition, two or three visits often will not suffice for an ongoing treatment relationship.'" *Pethers v. Comm'r of Soc. Sec.*, 580 F. Supp. 2d 572, 579 (W.D. Mich. 2008) (internal citations omitted) (quoting *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506-07 (6th Cir. 2006)).

This Court agrees with the Magistrate Judge that Dr. Hofmann does not qualify as a treating source. The administrative record does indicate that she examined Plaintiff three times in three years rather than twice in two,[2] and while

---

[2] Defendant correctly notes an important qualification to this: although the record shows that Dr. Hofmann examined Plaintiff on three separate occasions with the first in July 2008, the record only contains Dr. Hofmann's write-ups of the latter two, which took place in August 2009 and July 2011. (Tr. at 444, 508.) Plaintiff attributes this to the fact that the July 2008 examination preceded his claimed disability onset date of August 10, 2010 (ECF No. 23, Pl.'s Reply at 3 n.1; tr. at

9

relative infrequency of examinations or treatments does not necessarily disqualify a practitioner as a treating source, Plaintiff has not clearly demonstrated that the infrequency of his visits to Dr. Hofmann is typical for his conditions. It may be true, as Plaintiff maintains, that "[p]sychological evaluations and assessments like those provided by [Dr. Hofmann] by their nature cannot be expected to be performed with great frequency, as they are intended to show progression of symptoms and changes in functioning over a period of time." (Pl.'s Objs. at 3, Pg ID 1010.) But the central purpose behind the "treating physician rule" is to afford special status to the opinions of practitioners who have, in administering an ongoing course of treatments, evaluations, or both, developed a special familiarity with their patients' relevant medical conditions. *See* 20 C.F.R. § 404.1527(c)(2) (providing that more weight is given to medical opinions from treating sources because they are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations,

---

24)—though this is equally true of the August 2009 examination. In any case, the scope of this Court's analysis is cabined to the August 2009 and July 2011 reports in the record, as well as the limited extent to which the August 2009 report references test results from the July 2008 examination. (Tr. at 446.)

such as consultative examinations or brief hospitalizations").

The administrative record strongly suggests that Dr. Hofmann's opinions were based on a series of discrete "individual examinations" rather than an ongoing course of treatment. Both of Dr. Hofmann's reports that are in the record begin by stating that Plaintiff was "referred for an evaluation to aid in diagnostic clarification." (Tr. at 444, 508.) Plaintiff was referred to Dr. Hofmann by Dr. Terlep, who as of the hearing date had been treating Plaintiff monthly for approximately six years (tr. at 24), and whom both the ALJ and Defendant agree was a treating source (*id.*; Def.'s Mot. at 3, Pg ID 946). The evidence strongly implies that Dr. Hofmann's assessments supplemented Plaintiff's primary and ongoing course of treatment with Dr. Terlep, and this weighs against a finding that her assessments are treating-source opinions. *See, e.g., Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 491 (6th Cir. 2005) ("Daniels's two visits to Dr. Pinson within the span of a few days is not a frequency consistent with the treatment of back pain, as evidenced by the fact that he received treatment from other sources on many other occasions."). Given that, and given the relative infrequency of Dr. Hofmann's examinations, this Court finds no error in the determinations of the Magistrate Judge and the ALJ that Dr. Hofmann was not a treating source.

Finally, even if Dr. Hofmann's opinions were treating source opinions, such

opinions are entitled to controlling weight only if they "[are] not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). Here, the Magistrate Judge noted that there was substantial record evidence that conflicted with Dr. Hofmann's opinions, including evidence of Plaintiff's functional abilities, as well as opinion evidence from Dr. Madej and consultative psychologist Dr. Jerry Csokasy. (Report and Recommendation at 21-22, Pg ID 1000-01.) Plaintiff has made no specific argument to the contrary in his Objections.

For all of these reasons, the Court will overrule Plaintiff's second Objection.

**C.    Objection 3:  The ALJ's Purported Substitution of Her Own Judgments for Medical Evidence**

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not substitute her own judgment for that of a medical professional, arguing that the ALJ "fail[ed] to provide substantial evidence to support her weighing of the opinion evidence and instead relie[d] upon her own assessment of [Plaintiff]'s functional capacity and activities of daily living." (Pl.'s Objs. at 4, Pg ID 1011.) The Magistrate Judge considered and rejected this argument, detailing the substantial evidence that the ALJ cited to justify the weight she assigned to the medical opinion evidence in the record (Report and Recommendation at 19-25, Pg ID 998-1004), and Plaintiff has not made any non-generic argument that he did not

12

already make in his Motion for Summary Judgment. The Court will overrule Plaintiff's third Objection.

**D.     Objection 4: The ALJ's Purported Cherry-Picking of Evidence**

Plaintiff contends that the ALJ selectively relied upon certain items of evidence rather than considering the evidence in the record as a whole, but the only aspect of this argument that specifically addresses the Report and Recommendation is Plaintiff's assertion that the Magistrate Judge "limits discussion of this issue to two short sentences[,]" whereupon Plaintiff cites the arguments he made in his Motion for Summary Judgment. (Pl.'s Objs. at 4, Pg ID 1011.) The Magistrate Judge rejected Plaintiff's cherry-picking argument based on her earlier determinations that the ALJ's decision was supported by substantial evidence, and in his Objection, Plaintiff has not identified any specific error in that decision. The Court will overrule Plaintiff's fourth Objection.

**E.     Objection 5: Dr. Terlep's Opinions as regards Listings 12.02 and 12.04**

Plaintiff argued in his Motion for Summary Judgment that had the ALJ not improperly disregarded Dr. Terlep's testimony, she would not have concluded at

13

Step Three of the analysis that Plaintiff did not meet Listings 12.02 and 12.04.[3] The Magistrate Judge acknowledged that the ALJ did not expressly discuss Dr. Terlep's views as to Listings 12.02 and 12.04 at Step Three of the analysis, and did not discuss paragraph A of those Listings at all, but nevertheless found that the ALJ's lengthy discussion later in her decision of Dr. Terlep's opinions demonstrates that the ALJ properly considered those opinions, noting further that the ALJ also supplied valid reasons for discrediting those opinions.

In his Objections, Plaintiff highlights both the ALJ's failure to discuss Dr. Terlep's opinions in the context of Step Three and her failure to evaluate Plaintiff under paragraph A of Listings 12.02 and 12.04,[4] but beyond that, he makes no non-generic argument that the Magistrate Judge's findings were incorrect. The Court will overrule Plaintiff's fifth Objection.

---

[3] In the third step of the "five-step sequential evaluation process" prescribed by 20 C.F.R. § 404.1520, the ALJ must compare the claimant's medical impairments to a listing of conditions set forth as Appendix 1 to § 404.1520. If the claimant has "an impairment(s) that meets or equals one of [the] listings in appendix 1 . . . and meets the duration requirement [in 20 C.F.R. § 404.1509]," the claimant will be conclusively presumed to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

[4] As to the second of these two points, the Magistrate Judge noted that "Listings 12.02 and 12.04 'have three paragraphs, designated A, B, and C,' and to meet either listing a claimant must fulfill paragraphs A and B *or* paragraphs A and C." (Report and Recommendation at 23, Pg ID 1002 (quoting 20 C.F.R. Pt. 404, Subpart P, App. I).) The ALJ presumably did not evaluate Plaintiff under paragraph A because her determination that he did not satisfy paragraphs B or C made this unnecessary. Plaintiff does not explain why this was legally erroneous.

**F.     Objection 6: Dr. Terlep's Opinions as regards Plaintiff's Residual Functional Capacity**

Plaintiff's sixth Objection—that the ALJ did not properly consider Dr. Terlep's opinions in determining Mr. Stief's Residual Functional Capacity—is a slightly more general variation on Plaintiff's fifth Objection. As with his fifth Objection, in his sixth Objection Plaintiff generally disagrees with the Magistrate Judge's determination, and argues that the Magistrate Judge's reasons for finding the ALJ's decision to be supported by substantial evidence are not apparent from the text of the ALJ's decision. And as with his fifth Objection, Plaintiff has neither identified any specific disagreements that he did not already raise in his summary judgment motion, nor cited case law to support his argument that the ALJ's discussion of Dr. Terlep's opinions in one part of her decision cannot support the conclusions drawn in another. The Court will overrule Plaintiff's sixth Objection.

**G.     Objection 7: Weight Given to Opinions of State Agency Physicians**

Plaintiff's seventh Objection reiterates an argument he made in his summary judgment motion: that the ALJ gave undue weight to the opinions of non-examining state agency psychological and medical consultants (Dr. Csokasy and Dr. W. Gupta respectively), which were rendered more than three years before the hearing, and only for the purpose of making an initial determination at the outset of

Plaintiff's application process.

Plaintiff's seventh Objection adds nothing to the earlier version of the same argument that Plaintiff has already made—and which the Magistrate Judge has already considered. In any event, the record makes clear that the ALJ considered the limitations of these opinions and thus gave them only "some weight." (Tr. at 31 ("Although these individuals were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision).").) The Magistrate Judge found the ALJ's explanations for the weight placed on these opinions to be supported by substantial evidence, and this Court agrees. Plaintiff's seventh Objection will be overruled.

**H.** **Objection 8: Full and Fair Hearing**

When it was first presented in his summary judgment motion, Plaintiff's assertion that he was denied a full and hearing did not contain any argumentative substance separate from his claim that the ALJ selectively considered evidence, and his claim that the ALJ failed in her duty of inquiry by neglecting to question Dr. Terlep about inconsistencies between his opinions and other evidence in the record. This remains true of Plaintiff's restatement of the same argument in the

16

form of his eighth Objection, which bootstraps the cherry-picking argument in his fourth Objection and the duty-of-inquiry argument in his ninth Objection. For that reason, and because Plaintiff does not add any substance to the argument in its new form, the Court will overrule Plaintiff's eighth Objection.

## I. Objection 9: The ALJ's Purported Failure to Cross-Examine Dr. Terlep

Plaintiff's ninth and final Objection is also based on an argument that he first presented in his Motion for Summary Judgment: that the ALJ breached her duty "to investigate the facts and develop the arguments both for and against granting benefits" when she failed to cross-examine Dr. Terlep on inconsistencies between his opinions and other record evidence that the ALJ later identified in her opinion as a basis for affording Dr. Terlep's opinions less weight. (ECF No. 17, Pl.'s Mot. at 23, Pg ID 932 (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000).) The Magistrate Judge addressed this argument in the Report and Recommendation by pointing out that "the ALJ commended the thorough questioning of Dr. Terlep performed by Stief's attorney, which brought on record a number of details regarding Dr. Terlep's assessment for the ALJ to weigh, as she did in her opinion." (Report and Recommendation at 26, Pg ID 1005.) The Magistrate Judge then contrasted this case, in which Plaintiff had an attorney who thoroughly questioned the witness in the context of a hearing that lasted over two hours, with *Lashley v. Sec'y of Health*

*& Human Servs.*, 708 F.2d 1048 (6th Cir. 1983), in which the Sixth Circuit reversed an ALJ's negative determination "for the ALJ's failure to develop the administrative record [because] the claimant was unrepresented and inarticulate, and the hearing lasted only twenty-five minutes." (Report and Recommendation at 26, Pg ID 1005 (citing *Lashley*, 708 F.2d at 1051-53).)

Plaintiff maintains that *Lashley* "can easily be distinguished from the instant case," but does not state what he believes the material distinction to be. Plaintiff then argues that the fact that he was represented and the fact that his attorney questioned Dr. Terlep "does not remove the ALJ's duty to see that the record is fully developed and that [the] claimant is afforded an opportunity to address [the] ALJ's perceived inconsistencies in the record. The ALJ is not to hide the ball and is to conduct a full and fair hearing." (Pl.'s Objs. at 7, Pg ID 1014.)

Plaintiff's conclusory argument does not explain why the ALJ's reliance on the testimony that his attorney elicited from Dr. Terlep amounts to denying him the opportunity to address inconsistencies in the record, or "hiding the ball" in any other way. Whatever other superficial differences exist between *Lashley* and this case, *Lashley* provides a useful contrast that illustrates why the Magistrate Judge found that the ALJ's failure to cross-examine Dr. Terlep did not make the hearing less than "full and fair." The Court perceives no error in the Magistrate Judge's

18

reliance on *Lashley*. The Court will therefore overrule Plaintiff's ninth Objection.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby:

- OVERRULES Plaintiff's Objections (ECF No. 25);

- ADOPTS the Report and Recommendation of Magistrate Judge Patricia T. Morris (ECF No. 24) as this Court's findings and conclusions of law;

- DENIES Plaintiff's Motion for Summary Judgment (ECF No. 17);

- GRANTS Defendant's Motion for Summary Judgment (ECF No. 22); and

- AFFIRMS the decision of the Commissioner of Social Security.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: September 11, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2017.

s/D. Tofil
Deborah Tofil, Case Manager